**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CAVIN EARL REED**                                                    **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:14CV452-LRA**

**MANAGEMENT AND TRAINING
CORPORATION, ET AL.**                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This § 1983 action is before the Court on the Motion for Summary Judgment [47]

filed by Defendants Management & Training Corporation [MTC], Matthew Naidow,

Frank Shaw, and Quincy Moffite.[1]  The Court has considered all related pleadings,

including the response of Plaintiff Cavin Earl Reed, and his sworn testimony at the

omnibus hearing conducted on January 26, 2015.  The Court finds that the motion is well

advised and should be granted for the reasons discussed below.

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff testified that on

May 6, 2013, he was a convicted felon housed in the custody of the Mississippi

Department of Corrections [MDOC]  at the East Mississippi Correctional Facility

[EMCF] in Meridian, Mississippi.  According to Plaintiff, he got into an argument with

Defendant officer Joseph Nabors while being escorted from one housing unit to another.

---

[1]The remaining persons named as Defendants have not been served with process, except for Jimmy Mason, who was served by the United States Marshals Service on June 12, 2015 [46].  The unserved Defendants are Joseph Nabors, Fredrick Young, and Tiffany Poplar.  These persons are no longer employed by MTC.

Defendant Jimmy Mason intervened and threatened to mace him, and he and Mason

argued.  Plaintiff explained the incident to the Court at the omnibus hearing as follows:

> ... I was arguing with Officer Nabors at the time, and
> Lieutenant Mason walked up.  He upped his mace can on me
> and put it in my face.  I told him to get the mace can out of
> my face.  He sprayed me.  And when he sprayed me, I had
> retrieved a weapon that I had on me, and I had attempted to
> stab him.  And they took the weapon from me or whatever.
> And when they got the weapon from me, they handcuffed me.
> And they talked to me for a few minutes about what went on.
> They told me they was going to take me to medical for
> examination.  And on the way to medical, I was asked to stop
> walking down the hallway by Lieutenant Mason.

Transcript, 47-1, p. 6.

After the macing incident, Plaintiff was being transported to medical, restrained

with his hands in cuffs behind his back, escorted by Defendant officers Fredrick Young

and Tiffany Poplar.   According to Plaintiff, Defendant Mason approached them and

asked him to stop.  Mason slapped him two or three times in the face with his open hand.

Plaintiff does not know if it was from the mace or the slap, but his face and eye were

swollen for about 1 ½ weeks after that.

Plaintiff was taken to medical after the incident.  His only injuries were the

swelling from the slap (or the mace) and a leg injury.  He testified that he may have

stabbed himself in the leg during the earlier fight when he took out his knife.  After that,

Plaintiff was taken to lockdown and placed in an administrative segregation cell, 6 Delta,

cell 11, by Defendant Quincy Moffite.  He "suffered some conditions of confinement

there." [47-1, p. 11].  Specifically, he claims he was placed in a cell with no light fixtures,

and wires were hanging out.  There was rust in the room, was given "no hygienes ... no tissue, no spoon, no nothing."  *Id*.  Plaintiff remained in these conditions for 13-14 days or so.  He did not touch the electric wires, so he was not injured by them.  The emergency buttons inside the cell were inoperable.  He was forced to eat with his hands.  He went through a lot of emotional stress due to the conditions but was not physically injured. [47-1, p. 13].

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In support of their motion, Defendants have submitted the omnibus hearing transcript; the incident report; excerpts of Plaintiff's MDOC offender log; and, excerpts of Plaintiff's Drill Down Detail Report [47-1 through 47-4].

Plaintiff claims that he was subjected to an Eighth Amendment violation of excessive force by Defendant Mason; the remaining Defendants failed to protect him

3

from Mason's alleged assault.  Plaintiff's excessive force claim was only made against Mason; Mason allegedly slapped him two-three times while he was restrained.  He contends that the remaining Defendants should have protected him from Mason or somehow prevented the incident.   Defendant Warden Shaw was not present when Plaintiff was slapped, and Plaintiff only charges Defendant Moffite with the conditions under which Plaintiff was housed after the incident.

Prison officials have a duty to protect prisoners from violence at the hands of other inmates, and this duty is derived from the prohibition of cruel and unusual punishments in the Eighth Amendment.  *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994); *Longoria v. Texas,* 473 F.3d 586, 592 (5th Cir. 2006); *Cantu v. Jones,* 293 F.3d 839, 844 (5th Cir. 2002);  *Horton v. Cockrell,* 70 F.3d 397, 400-01 (1995).  The same standard applies to claims of failure to protect inmates from prison officials or guards.  *See Ard v. Rushing*, 911 F.Supp. 2d 425, 429 (S.D. Miss. 2012).   However, as the Court in *Farmer* stated, "[n]ot every injury by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety."  511 U.S. at 834.

To establish a failure-to-protect claim under section 1983, Plaintiff must show that he is/was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).  Further, to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must draw the inference." *Id.* (quoting *Farmer*).

It is necessary for both requirements to be met before the Eighth Amendment is violated: (1) the deprivation alleged must be, objectively, 'sufficiently serious,' so the inmate must show that he is incarcerated under "conditions posing a substantial risk of serious harm" and,  (2) "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Williams v. Hampton,* 797 F.3d 276, 280 (5th Cir. 2015) (quoting *Farmer*, 511 U.S. at 834, and *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A prison official must have a "sufficiently culpable state of mind" so as to be one of deliberate indifference to the inmate's health or safety.  *Id.*

The standard to be used in Eighth Amendment cases is one of *subjective* deliberate indifference, as used in criminal law, not an objective standard as used in civil law. *Williams*, 797 F.3d at 281 (citations omitted).   The Eighth Amendment does not outlaw cruel and inhuman "conditions";  it outlaws cruel and inhuman "punishments."  *Id.* Accordingly, the prison official must be actually reckless, disregarding a risk of harm of which he is actually aware.   "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."  *Id., citing Farmer,* 511 U.S. at 838.

Even if an officer is not a participant in the excessive force, he could still be liable if he failed to take reasonable steps to protect the victim. *Skrtich v. Thornton,* 280 F.3d 1295, 1301 (11th Cir. 2002). Yet Plaintiff would have to show that these Defendants were in a position to intervene but failed to do so. *Hadley v. Gutierrez,* 526 F.3d 1324, 1330-31 (11th Cir. 2008). Preventing the slaps under the instant circumstances would have been difficult at best, particularly for Defendant Warden Shaw, who was not even present.

Plaintiff confirmed by his testimony that it was only Defendant Mason who slapped him. He testified that he and Defendant Nabors had been arguing minutes before, and Plaintiff had pulled a knife on Defendant Mason. Plaintiff was restrained after that, but Mason slapped him, anyway.

The Court finds that under these circumstances, as explained by Plaintiff, the alleged slap by Mason was episodic in nature and occurred within a very short time frame after a struggle and Plaintiff's attempt to stab Defendants. Even so, there were no conditions posing a substantial risk of serious harm to Plaintiff alleged. The remaining Defendants were not aware Plaintiff was at risk of being seriously harmed, as the slaps as described by Plaintiff did not constitute "serious harm."

As stated, Defendant Warden Shaw, who has moved for summary judgment, was not present when the incident occurred. Defendant MTC has also moved for summary judgment, contending that it cannot be held vicariously liable under these circumstances.

Plaintiff contends that the Warden should have known that Lt. Mason might hurt him, as he sent a request form on April 10, 2013. [1, p. 13]. In this form, Plaintiff states that he was "having major problems with your staff here and [he] will no longer tolerate the fear [he has]. ..." A response was given by a mental health counselor, not the warden, stating that a transfer for Plaintiff had been submitted. The law requires more than a single instance of a lack of training or supervision before a showing of "deliberate indifference" can be shown. *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) ("Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference.") (citations omitted).

There are insufficient facts stated by Plaintiff to sustain a claim of supervisory liability, and there is no vicarious liability under section 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978). Fifth Circuit precedent requires either **personal involvement by an individual Defendant** in the alleged violation, or the **enforcement of some policy or practice resulting in the constitutional deprivation.** *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). The law is clear that § 1983 liability may not be based upon a theory that a defendant was liable in a supervisory capacity--- known in the law as the theory of *respondeat superior. Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993), citing *Monell*, 436 U.S. at 694; *Oliver v. Scott,* 276 F.3d 736, 742 & n. 6 (5th Cir 2002) (§ 1983 does not create supervisory or

*respondeat superior* liability.")    Neither MTC or Warden Shaw can be held liable to Plaintiff on a *respondeat superior* or vicarious liability theory under the applicable law.

Plaintiff has not stated a constitutional claim under these circumstances against any named Defendant regarding his claim of excessive force except Defendant Mason.  It is even questionable as to whether 2-3 slaps with an open hand, causing no serious injury, would meet the "more than *de minimis* injury" requirement as to Defendant Mason.  Even so, Plaintiff pulled a homemade knife out as he was being transported, and attempted to attack Mason while unrestrained.  This action justified the use of pepper spray by Mason and Nabors, and no Eighth Amendment claim could exist as to the spray used to subdue Plaintiff.  The use of pepper spray is not forbidden by the United States Constitution, and its application in and of itself is not "excessive force."  *See Stone v. Damons*, No. 06-61087, 252 F. App'x 581, 582 (5th Cir. Oct. 18, 2007) (per curiam) (affirming summary judgment dismissing Eighth Amendment case where officer used pepper spray on plaintiff resisting arrest).

Because no constitutional claim has been stated under these circumstances as to either the moving Defendants, or to unserved Defendants Joseph Nabors, Fredrick Young, and Tiffany Poplar, the Complaint shall be dismissed as to them.

Plaintiff's second claim is that his conditions of confinement for 14 days in the isolation cell where Defendant Quincy Moffite placed him were so deplorable that they violated his Eighth Amendment rights.  The Court finds that Plaintiff's allegations, taken

8

in a light most favorable to him, simply do not rise to the level of a constitutional violation.  Harsh "conditions of confinement" may constitute cruel and unusual punishment unless such conditions are "part of the penalty that criminal offenders pay for their offenses against society." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) *quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Gillespie v. Crawford*, 833 F.2d 47, 50 (5th Cir. 1987).  In order to successfully prove an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." *Herman v. Holiday,* 238 F.3d 660, 664 (5th Cir.2001).  This "risk must be of such a level that today's society would not tolerate it." *Id*.  In order to prevail on such a claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*

A prisoner must show that the inflicting officer has exhibited "deliberate indifference" to the conditions.  *Wilson v. Seiter*, 501 U.S. at 303.  Mere negligence does not satisfy the "deliberate indifference" standard.  *Id.*  The prisoner must suffer from an **extreme deprivation** of any "minimal civilized measure of life's necessities."  *Id.* at 304.

9

Plaintiff's living conditions in the holding cell lasted for approximately 14 days, and he testified that he suffered from no injuries as a result of his stay.  He was provided food and water.  He was in lockdown for a month, and he wrote a request form on about the 13th day complaining about his conditions. [47-1, p. 12-13].  A warden came, and he complained, and he received his property with his hygiene products soon thereafter. Plaintiff testified that his suffering was mental due to his conditions; he was not physically injured.

As Defendants point out, records from his May 9 and May 16, 2013, meetings with his case manager confirm that Plaintiff had no complaints regarding his living conditions; he reported that he was "doing fine." [47-3, p. 3].  He may not have had his hygiene products for these two weeks, but he was not injured during this short time period.  Plaintiff's claim regarding his conditions is deficient under Section 1983 because he concedes he had no "physical injury" sufficient to support his claim for monetary damages for his emotional distress.  Specifically, the Prison Litigation Reform Act of 1996 includes the following requirement in 42 U.S.C.  1997e(e): " *No* Federal civil action *may be brought* by a prisoner confined in a jail, prison, or other correctional facility, *for mental or emotional injury* while in custody without a prior showing of physical injury." (Emphasis added).  Because no physical injuries of any kind have been alleged by Plaintiff as a result of his confinement in lockdown, he is precluded as a matter of law from recovering damages for the psychological or other emotional injury he has asserted.

10

Thus, his complaint must be dismissed in this regard.

For these reasons, Defendants' Motion for Summary Judgment [47] is hereby **granted**, as Defendants are entitled to a judgment at law.  Plaintiff's lawsuit is hereby dismissed with prejudice as to these Defendants.  As to the unserved Defendants, Joseph Nabors, Fredrick Young, and Tiffany Poplar, the Complaint is dismissed without prejudice.

SO ORDERED this the 16th day of March 2016.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

11